IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| SAMMY COBB, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 110-049 |
| | ) |
| GREG COURSEY, Sheriff, and MR. | ) |
| BUSH, Major, | ) |
| | ) |
| Defendants. | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate presently incarcerated at the Burke County Jail ("the Jail") in Waynesboro, Georgia, seeks to proceed *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed IFP be **DENIED**, (doc. no. 2), and that this action be **DISMISSED** without prejudice.

## I. BACKGROUND

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief

may be granted, unless the prisoner is under imminent danger of serious physical injury.[1]

The Eleventh Circuit concluded that § 1915(g) does not violate an inmate's right to access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Accordingly, the court upheld the constitutionality of § 1915(g). Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

## II. DISCUSSION

A.  **Prior Filing History**

A review of Plaintiff's history of filings reveals that he has brought at least three cases that were dismissed as frivolous, malicious, for failure to state a claim upon which relief may be granted, or that otherwise count as a strike under § 1915(g):[2] (1) Cobb v. Jockel, CV 109-008 (S.D. Ga. July 16, 2009) (dismissed for failure to state a claim for § 1983 relief) ("CV 109-008"); (2) Cobb v. McFeely, CV 101-151 (S.D. Ga. Dec. 28, 2001) (dismissed for failure to obey a court order) ("CV 101-151"); and (3) Cobb v. Coursey, CV 196-077 (S.D. Ga. June 18, 1996) (dismissed as frivolous) ("CV 196-077"). As Plaintiff filed a complaint that was

---

[1] The Eleventh Circuit noted that "[t]his provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

[2] As the Honorable B. Avant Edenfield, United States District Judge, has held, "Failure to obey an order of the court, much like a failure to prosecute an action in violation of a court's local rules, is precisely the type of abuse the "three strikes" bar was created to remedy." Breland v. Owens, CV 409-186, 2010 WL 170461, at *1 n.1 (S.D. Ga. Jan. 13, 2010) (citing Allen v. Clark, 266 Fed. App'x 815, 817 (11th Cir. 2008) (*per curiam*) ("A dismissal for failure to prosecute [in violation of the court's local rules] made in the light of a frivolous response to a show cause order is a strike for purposes of section 1915(g).")).

2

dismissed as frivolous, malicious, for failure to state a claim upon which relief may be granted, or for failure to obey a court order in each of the cases cited above, these previously dismissed cases qualify as strikes under § 1915(g). As Plaintiff has at least three strikes under § 1915(g), he cannot proceed *in forma pauperis* in the present case unless he can demonstrate that he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).

**B.     No Allegation of "Imminent Danger"**

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). In his complaint, Plaintiff fails to raise any allegations that he is in imminent danger of serious physical injury. Indeed, Plaintiff's complaint details his dissatisfaction with the fact that he has been informed that he will not be released from incarceration as soon as he would like. More specifically, Plaintiff believes that he should only be required to serve a portion of his 12-month sentence based on credit for time served that he believes is due under "[t]he S.O.P." (Doc. no. 1, p. 5). However, according to Plaintiff, Jail officials have told him that he will not be getting credit for time served. (Id.). Plaintiff also notes in his complaint that there are inmates sleeping on the floor of the Jail and that Jail officers are impermissibly dispensing prescribed medications. (Id.).

None of Plaintiff's allegations place him within the imminent danger exception. Notably, Plaintiff does not contend that he is sleeping on the floor. Nor does he allege that he has been injured as a result of the dispensation of medication, much less that Jail officers have given him any prescribed medications. Furthermore, Plaintiff's dissatisfaction with the fact that he will not be released from incarceration as soon as he would like does not establish that

3

Plaintiff is in any kind of imminent danger of serious *physical* injury. It is also worth noting that Plaintiff states that he is only suing for alleged "personal humiliation and emotional distress." (Id.). In sum, Plaintiff has failed to demonstrate that he should be excused from paying the full filing fee under the "imminent danger" exception of § 1915(g).

C.   **Dishonesty in Complaint**

Moreover, the form complaint Plaintiff used to commence this case, "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 in the United States District Court for the Southern District of Georgia," requires that prisoner plaintiffs disclose whether they have brought other federal lawsuits while incarcerated and the disposition of any such suits. (Doc. no. 1, pp. 1-2). Under the question concerning whether a prisoner plaintiff has brought any lawsuits in federal court dealing with facts other than those in this action, Plaintiff declared, under penalty of perjury, that he has not brought any lawsuits in federal court other than this action. (Id. at 2).

Of course, as noted above, Plaintiff has indeed filed several cases in federal court that were dismissed as frivolous, malicious, for failure to state a claim upon which relief may be granted, or for failure to obey a court order, namely, CV 109-008, CV 101-151, and CV 196-077.[3] Simply put, Plaintiff's answers to the questions regarding his prior history of filings are improper, and he has lied, under penalty of perjury, about these prior filings.

The Eleventh Circuit has indicated its approval of dismissing a case based on dishonesty in a complaint. In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the

---

[3]The Court notes that Plaintiff has also filed two other civil actions. See Cobb v. McFeely, CV 101-161 (S.D. Ga. Oct. 19, 2001); Cobb v. Salemi, CV 195-197 (S.D. Ga. Dec. 13, 1995).

4

PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731, *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007) (citations omitted).[4]

In sum, Plaintiff has accumulated three strikes against him and cannot satisfy the dictates of the "imminent danger" exception of § 1915(g); thus, he fails to demonstrate that he

---

[4]The court in Parker thoughtfully ruled as follows:

> The sophistication of [p]laintiff's substantive arguments and his knowledge of the procedural rules convince this Court that [p]laintiff understands the severity of not revealing the truth to the Court. This Court has the authority to control and manage matters such as this pending before it. This Court firmly believes that [p]laintiff must be forced to conform to acceptable standards in approaching this Court.
>
> This Court will not tolerate false responses and/or statements in any pleading or motion filed for consideration by the Court. If the Court cannot rely on the statements and/or responses made, it threatens the quality of justice. Here [p]laintiff has falsely responded [by denying the existence of prior lawsuits] to Question (B) in Section IV, entitled "Previous Lawsuits."
>
> Therefore, this Court is of the opinion that an appropriate sanction is to dismiss this case without prejudice and warn [p]laintiff that such false responses, filed herein or filed in the future, will not be tolerated and may result in more severe and long-term sanctions in the future. For now, this case will be dismissed for [p]laintiff's abuse of the judicial process in not providing the Court with true factual statements and/or responses that can be relied on to bring his case to an expeditious closure.

Rivera v. Parker, Case No. 96-325-Civ-J-10, doc. no. 4 (M.D. Fla. May 2, 1996).

should be excused from paying the full filing fee. Furthermore, even if Plaintiff were allowed to proceed IFP, the above-captioned case would still be subject to a recommendation of dismissal as a sanction because he has abused the judicial process by providing dishonest information about his filing history.

### III. CONCLUSION

Accordingly, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed IFP be **DENIED**, (doc. no. 2), and that this action be **DISMISSED** without prejudice. If Plaintiff wishes to proceed with the claims raised in this lawsuit, he should be required to submit a new complaint, along with the full filing fee. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (*per curiam*).

SO REPORTED AND RECOMMENDED this 28th day of April, 2010, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE